**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA FERNANDA GOMEZ FUENTES, ) | NO. 5:26-cv-01651-KS |
| Petitioner, ) | |
| v. ) | **ORDER GRANTING EX PARTE** |
| ) | **APPLICATION FOR TEMPORARY** |
| MARKWAYNE MULLIN et al., ) | **RESTRAINING ORDER [DKT. NO. 3]** |
| Respondents. ) | |

Before the Court is the Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by Petitioner Maria Fernando Gomez Fuentes on April 4, 2026. (Dkt. No. 3.) Petitioner, who is currently detained in Immigration and Customs Enforcement ("ICE") custody, seeks a temporary restraining order ("TRO") "ordering her immediate release from ICE custody or, in the alternative, requiring Respondents to provide her with an individualized bond hearing before an Immigration Judge within three (3) days." (*Id.* ¶ 2.) On April 13, 2026, Respondents filed a Response to the TRO Application (Dkt. No. 9) and Petitioner filed a Reply (Dkt. No. 10).

Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. For the following reasons, Petitioner's TRO Application is **GRANTED**.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Venezuela. (Dkt. No. 3 ¶ 4.) On November 21, 2016, Petitioner entered the United States at Los Angeles, California on a B-2 non-immigrant visitor visa. (*Id.*) She was subsequently admitted as a B-2 non-immigrant. (*Id.*)

Within one year of admission, Petitioner filed an Application for Asylum and for Withholding of Removal, which United States Customs and Immigration Services ("USCIS") accepted. (*Id.* ¶ 5.) Over the intervening nine years, Petitioner continuously resided in the United States and maintained a record of lawful employment, no criminal history, and no immigration violations. (*Id.*)

On March 4, 2026, USCIS issued a notice to Petitioner informing her that her asylum interview was rescheduled to April 2, 2026 at the Los Angeles Asylum Office in Tustin, California. (*Id.* ¶ 6.) The notice also admonished Petitioner that her failure to appear for her rescheduled asylum interview without good cause could result in referral of her asylum case to an immigration judge. (*Id.*)

On April 2, 2026, Petitioner appeared at the Los Angeles Asylum Office in Tustin, California as directed. (*Id.* ¶ 7.) However, the interview was not conducted, and Petitioner was instead detained by ICE and transported to the Adelanto ICE Processing Center in Adelanto, California where she is currently detained. (*Id.*) Petitioner states she has not received a bond hearing, Notice to Appear, or removal order. (*Id.* ¶ 8.)

On April 4, 2026, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") challenging her continued detention. (Dkt. No. 1.) Petitioner concurrently filed the instant TRO Application. (Dkt. No. 3.)

On April 6, 2026, this action was formally assigned to the Chief Magistrate Judge pursuant to the parties' consent to proceed before a United States Magistrate Judge for all proceedings. (Dkt. No. 6.)  That same day, the Court issued an Order to Show Cause ("OSC") requiring Petitioner to, "within 24 hours of receipt of this Order, notify the Court: (1) what relief is sought by the TRO Application that is separate and distinct from the relief sought in the Petition; and (2) what individualized emergency requires injunctive relief sooner than the expedited, 10-day briefing period."  (Dkt. No. 7 at 2.)  Petitioner did not respond to or acknowledge the Court's OSC.

Respondents filed a response to the TRO Application on April 13, 2026.  (Dkt. No. 9.) In the response, Respondents first acknowledge that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*[1]."  (*Id.* at 2.)  Respondents then assert "to the extent Petitioner would be entitled to any remedy via her TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)" within seven days.  (*Id.*)

That same day, Petitioner filed a reply.  (Dkt. No. 10.)  In the reply, Petitioner avers that Respondents' position to "to limit the remedy to a bond hearing within seven days, rather than immediate release . . . cannot be sustained" because "Respondents' concessions satisfy all four *Winter* factors, and a post-deprivation bond hearing is not an adequate remedy for the constitutional injury Petitioner is suffering in real time."  (*Id.* at 2.)

\\
\\
\\

---

[1]  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

3

**LEGAL STANDARD**

A temporary restraining order ("TRO"), like a preliminary injunction, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Federal Rule of Civil Procedure 65 provides that a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b).

A party seeking a TRO must establish the following elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). These elements, referred to as the *Winter* factors, can be balanced on a sliding scale whereby "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

**DISCUSSION**

Respondents concede that Petitioner is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). In *Bautista*, a Central District of California court certified a class of noncitizens

4

challenging the Department of Homeland Security ("DHS") policy of subjecting noncitizens to mandatory detention without bond hearings. *See id.* at *9. The *Bautista* Court defined the "Bond Eligible Class" as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.*

In December 18, 2025, the *Bautista* court entered final judgment in favor of the Bond Eligible Class. *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the *Bautista* court issued an order enforcing the judgment. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Both decisions are currently on appeal before the Ninth Circuit.

On March 6, 2026, the Ninth Circuit ordered that the "district court's December 18, 2025 declaratory judgment . . . is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal, insofar as the district court's judgment extends beyond the Central District of California." *Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044, 2026 U.S. App. LEXIS 6750, at *2 (9th Cir. Mar. 6, 2026). However, the Ninth Circuit provided that the "district court's December 18, 2025 judgment remains in place as to the Central District of California." *Id.*

In light of Respondents' acknowledgment that Petitioner appears to be a member of the *Bautista* Bond Eligible Class and is, therefore, subject to the *Bautista* judgment, Petitioner's TRO Application is granted as to her request for an individualized bond hearing. Accordingly, Respondents shall provide Petitioner with an individualized bond hearing before an Immigration Judge within three (3) days of this Order.

**CONCLUSION**

For the reasons discussed above, Petitioner's TRO Application is **GRANTED**.

**IT IS ORDERED** that Respondents shall provide Petitioner with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within three (3) days of this Order.

**IT IS FURTHER ORDERED** that Respondents shall file a response to the Petition no later than five (5) days from the date of this Order.  Any reply shall be filed no later than three (3) days after the answer is filed.  Any briefing on the Petition must specifically address what relief remains available following the issuance of this Order and the factual and legal basis for such relief.

During the pendency of these proceedings, Respondents shall provide at least two court days' notice to Petitioner, Petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California.

DATE: April 15, 2026

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

6