**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA FERNANDA GOMEZ FUENTES,** | **NO. 5:26-cv-01651-KS** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION AND ORDER** |
| **MARKWAYNE MULLIN et al.,** | |
| **Respondents.** | |

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody filed by Petitioner Maria Fernando Gomez Fuentes on April 4, 2026 ("Petition," Dkt. No. 1) along with the Emergency Supplemental Brief filed by Petitioner on April 28, 2026 ("Supplement," Dkt. No. 14.). For the following reasons, the Petition, including the supplemental claims, is **GRANTED**.

**BACKGROUND**

Petitioner is a native and citizen of Venezuela who entered the United States on November 21, 2016 and was admitted on a B-2 non-immigrant visitor visa. (Dkt. No. 1 at 8 ¶ 30.) Within one year of admission, Petitioner filed an Application for Asylum and for Withholding of Removal in which she describes the persecution she fears if returned to her home country and sets forth her eligibility for asylum, withholding of removal, and protection

1

under the Convention Against Torture ("CAT").  (*Id.* at 9 ¶ 31.)  Petitioner's asylum application remains pending.  (*Id.* ¶ 32.)  In the intervening years, Petitioner has continuously resided in the United States, complied with all agency requirements, and maintained a record of lawful employment, no criminal history, and no immigration violations.  (*Id.*)

On March 4, 2026, U.S. Citizenship and Immigration Services ("USCIS") issued Petitioner an I-797C Notice of Action ("Notice") rescheduling her asylum interview to April 2, 2026 at the Los Angeles Asylum Office in Tustin, California.  (*Id.* ¶ 33.)  The Notice warned that Petitioner's failure to appear without good cause could result in referral of her I-589 to an Immigration Judge ("IJ").  (*Id.*)  The Notice did not contain a warning that attending the interview could result in detention, arrest, or any adverse enforcement action.  (*Id.*)

On April 2, 2026, Petitioner, as directed, reported to the Los Angeles Asylum Office in Tustin, California for her asylum interview.  (*Id.* ¶ 34.)  Upon her arrival, Petitioner was immediately detained by Immigration and Customs Enforcement ("ICE") and transported to the Adelanto ICE Processing Center in Adelanto, California where she is currently detained.  (*Id.*)  At the time she filed her Petition, Petitioner had not received an individualized custody determination hearing.  (*Id.* ¶ 35.)  Nor was Petitioner served with a Notice to Appear or provided any indication that removal proceedings had been initiated before any Immigration Court.  (*Id.*)

On April 4, 2026, Petitioner concurrently filed the instant Petition (Dkt. No. 1) and an Ex Parte Application for a Temporary Restraining Order ("TRO Application," Dkt. No. 3).  Respondents filed a response to the TRO Application on April 13, 2026 in which Respondents conceded that that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*[1]."  (Dkt. No. 9 at 2.)  That same day, Petitioner filed a reply.

---

[1]  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d

(Dkt. No. 10.)  On April 15, 2026, the Court granted Petitioner's TRO Application and ordered Respondents to provide Petitioner with an individualized bond hearing before an IJ within three days of the Order.  (Dkt. No. 11.)  Respondents subsequently filed an Answer to the Petition stating they "are not presenting an opposition argument at this time."  (Dkt. No. 12.)

On April 17, 2026, Petitioner had a bond hearing before an IJ.  (*See* Dkt. No. 14 at 12.) In a written decision dated April 20, 2026, the IJ denied Petitioner bond on the ground that Petitioner is a risk of flight.  (*See id.*)  Petitioner did not appeal the bond denial to the Board of Immigration Appeals ("BIA").  (*See id.* at 3.)

On April 28, 2026, Petitioner filed an Emergency Supplemental Brief ("Supplement") seeking her immediate release from custody on the ground that her April 17, 2026 bond hearing was constitutionally deficient.  (Dkt. No. 14.)  On May 5, 2026, Respondents filed an opposition to the Supplement asserting that the Court lacks jurisdiction to overturn the IJ's bond decision and that "Petitioner has not shown that she is likely to succeed on the merits as to her requested relief of immediate release."  (Dkt. No. 16.)

### DISCUSSION

I.      <u>**Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241**</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3).  "[D]istrict courts

---

1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Here, Petitioner asserts that her detention without notice or a hearing violated the Immigration and Nationality Act ("INA") and due process and constituted an abuse of discretion. (Dkt. No. 1 at 10-15.)  Respondents do not oppose the merits of Petitioner's claims. (Dkt. No. 12.)

### A.    Violation of the Immigration and Nationality Act

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023).  "A noncitizen's place 'within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.'" *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)).

Section 1226(a) outlines a general provision governing the arrest, detention, and release of noncitizens in the United States pending a removal decision, while Section 1226(c) articulates the specific process applicable to the detention of "criminal aliens" as defined by § 1226(c)(1).  8 U.S.C. §§ 1226(a), 1226(c).  Release under Subsection A confers an "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022). Conversely, Subsection C provides that the Attorney General "shall take into custody" any noncitizen who is deportable or inadmissible based on a qualifying, enumerated offense and

"may release" such a noncitizen "only if" the Attorney General decides that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk." 8 U.S.C. § 1226(c); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Section 1225 applies to "applicant[s] for admission"—i.e., "[noncitizens] present in the United States who ha[ve] not been admitted or who arrive[d] in the United States (whether or not at a designated port of arrival and including an[y noncitizen] brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1). An applicant for admission is subject to mandatory detention under Section 1225(b)(2) if the noncitizen is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2).

In *Jennings*, the Supreme Court explained that Section 1225(b) "authorizes the Government to detain certain [noncitizens] seeking admission into the country," while Sections 1226(a) and (c) "authorize[] the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings." 583 U.S. at 288-89. "Given that this Court is bound by the Supreme Court decision in *Jennings*, the Court . . . need not independently determine whether this distinction is a proper reading of the statute." *Yarleque v. Noem*, No. 5:25-cv-02836-MEMF-SP, 2025 U.S. Dist. LEXIS 215470, at *19-20 (C.D. Cal. Oct. 31, 2025).

Here, Petitioner has been present in the United States since being admitted on a B-2 nonimmigrant visitor visa in 2016. Therefore, Petitioner is correct that Section 1226(a) is the applicable statute and that she was entitled to a hearing at the outset of her detention to determine her eligibility for release on bond or conditional parole. 8 U.S.C. § 1226(a); 8 CFR §§236.1(d)(1); *see also J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 U.S. Dist. LEXIS 211735, at *8-10 (E.D. Cal. Oct. 27, 2025) ("[P]etitioner is not actively 'seeking' "lawful entry" because he already *entered* the United States three years ago. If anything, petitioner is seeking to *remain* in the United States.").

**B.       Violation of Due Process**

The Fifth Amendment Due Process Clause provides that no person shall be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. Thus, nonpunitive government detention violates the Due Process Clause unless the detention is ordered "in certain special and narrow . . . circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* (citations omitted).

"In the context of civil immigration detention, the two 'regulatory goals' of the Immigration and Nationality Act provisions governing such detention—'ensuring the appearance of [noncitizens] at future immigration proceedings' and 'preventing danger to the community'—can provide such 'special justification.'" *Zapata v. Kaiser*, 801 F. Supp. 3d 919, 939 (N.D. Cal. 2025) (quoting *Zadvydas*, 533 U.S. at 690). "Although '[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings,' 'the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.'" *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990, 994 (2017)).

Here, Petitioner avers that she was detained without notice or a pre-deprivation hearing. (Dkt. No. 1 at 11 ¶¶ 44-47.) Respondents' Answer does not provide any substantive opposition to Petitioner's claim. (Dkt. No. 12.) Thus, "Respondents have asserted no individualized justification—let alone a special or compelling justification—[] to deprive Petitioner of [her] physical liberty." *Diaz v. Knight*, No. 2:26-cv-00247-RFB-DJA, 2026 U.S. Dist. LEXIS

6

29219, at *8 (D. Nev. Feb. 12, 2026); *see also S.L. v. Wofford*, No. 1:26-cv-00522-TLN-EFB, 2026 U.S. Dist. LEXIS 24655, at *4-5 (E.D. Cal. Feb. 5, 2026). The Court therefore concludes that Petitioner's detention was in violation of her right to substantive due process.

Moreover, Respondents previously conceded that Petitioner is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025), which includes "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 2025 U.S. Dist. LEXIS 231977, at *26-27.

On December 18, 2025, the district court in *Bautista* declared that "pursuant to [immigration] regulations, the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1128 (C.D. Cal. 2025). On February 18, 2026, the *Bautista* district court issued an order enforcing the judgment. *Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. 2026). On March 6, 2026, the Ninth Circuit ordered that although the "district court's December 18, 2025 declaratory judgment . . . is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal," the judgment "remains in place as to the Central District of California." *Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044, 2026 U.S. App. LEXIS 6750, at *2 (9th Cir. Mar. 6, 2026).

Considering Respondents' acknowledgment that Petitioner is a member of the *Bautista* Bond Eligible Class and is therefore subject to the *Bautista* judgment, the Court concludes that

7

Petitioner's detention without an individualized bond hearing was in violation of her right to procedural due process. And although Respondents did eventually provide Petitioner with a bond hearing, "'the root requirement' of the Due Process Clause [is] 'that an individual be given an opportunity for a hearing *before* [s]he is deprived of any significant property interest.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).

### C.    Violation of the Administrative Procedure Act

Petitioner asserts that "ICE's decision to arrest Petitioner at her government-scheduled, mandatory USCIS asylum interview on April 2, 2026 without a warrant, without prior notice, and without any individualized assessment of whether detention was necessary" was "arbitrary, capricious, an abuse of discretion, and contrary to law" under the Administrative Procedure Act. (Dkt. No. 1 at 14 ¶¶ 60, 61.)

The Administrative Procedure Act ("APA") provides that courts must "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "without observance of procedure required by law." 5 U.S.C. § 706(2); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1143-44 (D. Or. 2025). "[T]he touchstone of 'arbitrary and capricious' review under the APA is 'reasoned decisionmaking.'" *Altera Corp. & Subsidiaries v. Comm'r*, 926 F.3d 1061, 1080 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983)); *Y-Z-L-H*, 792 F. Supp. 3d at 1144. Thus, any action by an agency "can only survive arbitrary or capricious review where it has articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 493 (9th Cir. 2023) (cleaned up); *Y-Z-L-H*, 792 F. Supp. 3d at 1144. Nevertheless, "[t]he scope of our review under this standard is 'narrow'; as we have often

recognized, 'a court is not to substitute its judgment for that of the agency.'" *Judulang v. Holder*, 565 U.S. 42, 52-53 (2011) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43).

Here, Petitioner's arguments concerning Respondents' alleged abuse of discretion under the APA are largely duplicative of the statutory and due process claims the Court has already addressed. *See* 5 U.S.C. § 706(2)(A) (providing that the scope of judicial review of actions by government agencies allows courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). Therefore, the Court declines to separately address Petitioner's APA claim.

## II.      Supplemental Request for Relief

As noted above, Petitioner filed an Emergency Supplemental Brief ("Supplement") seeking her immediate release from custody on the ground that her April 17, 2026 bond hearing was constitutionally deficient. (Dkt. No. 14.) Specifically, Petitioner asserts that her April 17, 2026 bond hearing was not individualized, that the government did not bear the burden of proof on the issue of bond as it should have, and that the IJ failed to consider Petitioner's ability to pay or any alternative conditions of release. (*Id.* at 3-7.) Petitioner further argues that the IJ's flight risk finding is factually baseless and entitled to no deference. (*Id.* at 7-8.) Thus, Petitioner requests that the Court order Respondents to immediately release Petitioner from custody, or in the alternative, order a new bond hearing within seven days. (*Id.* at 10.)

Respondents contend that "due to both the Court's lack of jurisdiction and based on the arguments that Petitioner has presented to overturn the Immigration Judge's bond determination, Petitioner is unlikely to succeed on the merits of her claim and it should be dismissed as moot." (Dkt. No. 16 at 5.)

**A.    Jurisdiction**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Although federal courts generally lack jurisdiction to review discretionary bond determinations, 8 U.S.C. § 1226(e) does not preclude judicial review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see also Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) ("§ 1226(e) does not strip a district court of its traditional habeas jurisdiction, bar constitutional challenges or preclude a district court from addressing a habeas petition challenging the statutory framework that permits the petitioner's detention without bail."). Because the determination of whether a noncitizen is dangerous or a risk of flight for immigration-detention purposes involves a mixed question of law and fact, it is therefore reviewable in habeas proceedings. *Martinez*, 124 F.4th at 779 (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)); *see also W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 U.S. Dist. LEXIS 21315, at *4 (W.D. Wash. Jan. 30, 2026) (concluding that Section 1226(e) did not divest the district court of its subject-matter jurisdiction over the petitioner's claim because the petitioner was "challenging whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled" rather than "challenging the IJ's discretionary judgment"). This Court, therefore, has jurisdiction to review Petitioner's claims concerning the constitutional sufficiency of Petitioner's bond hearing.

**B.      Administrative Exhaustion**

Once an immigration detainee receives a bond hearing before an IJ, the detainee may appeal the IJ's decision to the BIA. *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011). If the detainee disagrees with the BIA's decision, the detainee may challenge the detainee's continued detention by filing a habeas petition in the district court. *Id.* Thereafter, "the district court's decision on the habeas petition may be appealed" to the Ninth Circuit. *Id.*

Although 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," Ninth Circuit precedent may "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, Courts may require prudential exhaustion if: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

If a petitioner does not exhaust administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo*, 646 F.3d at 1160. However, even if the *Puga* factors weigh in favor of prudential exhaustion, courts may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). The Ninth Circuit "has also found waiver in cases where petitioners were challenging issues other than the BIA's ruling on removability." *Id.* at 1001 (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir.

2003) and *Ali v. Ashcroft*, 346 F.3d 873 (2003)).  "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."  *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Upon consideration of the *Puga* factors, the Court finds that prudential exhaustion is not required in this case.  First, the BIA's expertise in immigration bond decisions is not necessary to decide the *legal* questions at issue here.  *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 U.S. Dist. LEXIS 79044, at *9 (W.D. Wash. Apr. 10, 2026) (finding the first *Puga* factor weighed against requiring prudential exhaustion because the BIA's expertise was not need to address the issue of "whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk").  Second, "waiver of the prudential exhaustion requirement will not 'encourage the deliberate bypass of the administrative scheme,'" and "[a]ny risk of deliberate bypass of administrative procedures is further reduced by the fact that district courts will only have jurisdiction in the 'rare case[s]' where future plaintiffs allege a 'colorable' constitutional or legal challenge to the government's procedures."  *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).  Lastly, where the petition presents constitutional due process concerns, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error."  *Soriano*, 2026 U.S. Dist. LEXIS 79044, at *10.

## C.   Sufficiency of Petitioner's Bond Hearing

Having found that this Court has jurisdiction and that Petitioner need not exhaust her administrative remedies, the Court turns to the question of whether the bond hearing provided to Petitioner was legally and constitutionally adequate.

\\

\\

### 1.    Standard of Review

When a noncitizen is arrested and taken into immigration custody pursuant to Section 1226(a), ICE makes an initial custody determination, including the setting of bond.  *See* 8 C.F.R. § 236.1(c)(8).  At the bond hearing, an Immigration Judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."  *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (citing *Matter of Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)).  In making that determination, the IJ may also consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States.  *Id.*

The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable."  *Id.* at 40.  Therefore, the habeas court's review of an IJ's determination of dangerousness or risk of flight is for abuse of discretion.  *Martinez*, 124 F.4th at 779, 783-85.  When reviewing a determination for abuse of discretion, a court may only determine whether the IJ applied the correct legal standard, not reweigh evidence.  *Id.* at 785 ((citing *Wilkinson v. Garland*, 601 U.S. 209, 220 (2024)).

\\

\\

## 2.     The IJ's Bond Decision

On April 20, 2026, the IJ issued a written decision denying Petitioner bond.  (Dkt. No. 14 at 12.)  In the written decision, the IJ checked the box reading "Denied, because" and then provided the following rationale: "During hearing held on April 7, 2026, the Court found that Respondent is a flight risk, that no amount of bond can ameliorate." (*Id.*)  The IJ also checked a box reading "Other" and provided the case number for the instant habeas case before this Court.  (*Id.*)

## 3.     Abuse of Discretion and Due Process

The Court finds that the immigration judge's flight-risk finding and bond denial constitute abuse of discretion.  "Central to this conclusion are the absence of a reasoned explanation supporting the IJ's decisions [or] of any record demonstrating the IJ meaningfully engaged with the governing legal standard or evidence presented[.]" *Gimenez*, 2026 U.S. Dist. LEXIS 94446, at *17-18.  Indeed, "[t]he IJ provided very little to guide judicial review in determining whether they applied the correct legal standard [as] the IJ did not provide an explanation for the reasoning or point to anything in the record that indicated Petitioner was a flight risk." *Valdez-Reyes v. Scott*, No. 2:26-cv-01251-JHC, 2026 U.S. Dist. LEXIS 108171, at *8 (W.D. Wash. May 15, 2026).

Nor is there any indication in the record before this Court that the IJ made the flight-risk decision based on the totality of the circumstances or considered any mitigating factors, such as Petitioner's near decade of continuous residence in the United States and compliance with agency requirements and the law.  (Dkt. No. 14 at 7.)  *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding abuse of discretion where the BIA failed to consider and address evidence submitted by the petitioner in its entirety); *Martinez*, 124 F.4th at 779; *Matter*

*of Guerra*, 24 I&N Dec. at 40.  Thus, the Court finds that the IJ abused discretion in finding that Petitioner was a risk of flight and denying Petitioner bond on that basis.

"Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations."  *Gimenez v. Hernandez*, No. 2:26-cv-00966-GJL, 2026 U.S. Dist. LEXIS 94446, at *17 (W.D. Wash. Apr. 29, 2026) (collecting cases).  Accordingly, the Court concludes that the IJ's bond determination did not accord with the requirements of due process.

## III.   Relief

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief."  *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief.").  "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'"  *Lujan*, 734 F.3d 917, 933 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)).  "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing."  *Velasquez*, 2026 U.S. Dist. LEXIS 85165, at *18 (citations omitted) (collecting cases).

"Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy."  *Lopez v. Warden, Cent. Valley Annex*, No. 1:26-cv-03666 DAD CSK, 2026 U.S. Dist. LEXIS 129506,

at *11 (E.D. Cal. June 10, 2026) (citing 8 U.S.C. § 1226(a)(1) and *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025)).  Accordingly, the Court grants Petitioner's alternative request for relief in the form of a bond hearing.

## ORDER

For the reasons discussed above, the Petition, including the supplemental claims, is **GRANTED**.  **IT IS ORDERED** that Respondents shall provide Petitioner with new bond hearing in accordance with the terms of this Order within seven (7) days.  Judgement shall be entered accordingly.

DATE: June 25, 2026

_____
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

16